FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 8 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| STATE OF OREGON and CITY OF PORTLAND, <br><br> Plaintiffs - Appellees, <br><br> v. <br><br> DONALD J. TRUMP, In his official capacity as President of the United States; et al., <br><br> Defendants - Appellants. | No. 25-6268 <br> D.C. No. 3:25-cv-01756-IM <br> District of Oregon, Portland <br><br> ORDER |

Before: GRABER, R. NELSON, and BADE, Circuit Judges.

On September 28, 2025, Secretary Hegseth issued a memorandum authorizing the federalization and deployment of 200 Oregon National Guard service members (Memorandum). Plaintiffs, the City of Portland and the State of Oregon, filed a complaint seeking declaratory and injunctive relief, and moved for a temporary restraining order to enjoin the implementation of the Memorandum. *State of Oregon v. Trump*, No. 3:25-CV-1756, Dkt. 6 (D. Or. Sept. 29, 2025) (Dist. Ct. Dkt.). On October 4, the district court granted Plaintiffs' motion and issued a temporary restraining order enjoining implementation of the Memorandum. *Id*. at Dkt. 56. That same day, Defendants filed a notice of appeal, *id*. at Dkt. 57, and an

emergency motion under Circuit Rule 27-3, seeking an administrative stay of the district court's October 4 order, and a stay of that order pending appeal. Dkt. 11-12.

On October 5, Plaintiffs filed an amended complaint and a second motion seeking a temporary restraining order to enjoin Defendants from deploying members of the California National Guard to Oregon. Dist. Ct. Dkt. 58, 59. The district court granted Plaintiffs' motion and entered a second temporary restraining order enjoining the "deploy[ment] [of] federalized members of the National Guard in Oregon." *Id*. at Dkt. 68. Defendants have not appealed or challenged the second temporary restraining order, and it is not before us.

In this order, we address only the emergency motion for an administrative stay of the district court's October 4 temporary restraining order. In a separate order we have set argument on the motion for a stay pending appeal for October 9, 2025. Dkt. 18.

An administrative stay is intended to "minimize harm while an appellate court deliberates" and lasts "no longer than necessary to make an intelligent decision on the motion for stay pending appeal." *United States v. Texas*, 144 S. Ct. 797, 798-99 (2024) (Barrett, J., concurring); *see also Nken v. Holder*, 556 U.S. 418, 427 (2009) (explaining that the authority to enter an administrative stay "allows an appellate court to act responsibly"). Given its limited nature, an

administrative stay "does not constitute in any way a decision as to the merits of the motion for a stay pending appeal." *Doe #1 v. Trump*, 944 F.3d 1222, 1223 (9th Cir. 2019). And we "defer weighing the *Nken* factors until the motion for stay pending appeal is considered." *Nat'l Urb. League v. Ross*, 977 F.3d 698, 702 (9th Cir. 2020) (footnote omitted).

"When considering the request for an administrative stay, our touchstone is the need to preserve the status quo." *Id.* That inquiry necessarily depends "on the facts of this case." *Id.* at 701. We ask what real-world effects would result "if an administrative stay is put in place." *Id.*; *accord Doe #1*, 944 F.3d at 1223 (examining the practical effects of "granting the temporary stay request").

In the circumstances here, granting an administrative stay will best preserve the status quo. Prior to the October 4 temporary restraining order, Oregon National Guard members had been federalized but not deployed. The Memorandum authorized federalization of the Oregon National Guard members. An administrative stay of the October 4 temporary restraining order will maintain the federalization of Oregon National Guard members, because that order prohibits implementation of the Memorandum. Additionally, the second temporary restraining order has not been challenged or appealed, and it prohibits the deployment of National Guard members in Oregon. Thus, the effect of granting an administrative stay preserves the status quo in which National Guard members

have been federalized but not deployed.

**Administrative Stay GRANTED.**