FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

| | |
|---|---|
| STATE OF OREGON and CITY OF PORTLAND,<br><br>              *Plaintiffs - Appellees*,<br><br> v.<br><br>DONALD J. TRUMP, In his official capacity as President of the United States; PETER HEGSETH, In his official capacity as Secretary of Defense; UNITED STATES DEPARTMENT OF DEFENSE; KRISTI NOEM, In her official capacity as Secretary of Homeland Security; UNITED STATES DEPARTMENT OF HOMELAND SECURITY,<br><br>              *Defendants - Appellants*. | No. 25-6268<br><br>D.C. No.<br>3:25-cv-01756-IM<br>District of Oregon, Portland<br><br>ORDER |

Filed October 8, 2025

Before: Susan P. Graber, Ryan D. Nelson, and Bridget S. Bade, Circuit Judges.

# SUMMARY[*]

### Administrative Stay / National Guard

The panel granted an administrative stay of the district court's temporary restraining order enjoining implementation of a September 28, 2025, Memorandum issued by Secretary Hegseth, authorizing the federalization of 200 Oregon National Guard service members.

The panel held that granting an administrative stay would best preserve the status quo. Prior to the October 4 temporary restraining order, Oregon National Guard members had been federalized but not deployed. The Memorandum authorized the federalization of the Oregon National Guard Members, and an administrative stay will maintain the federalization. Additionally, a second temporary restraining order, enjoining the deployment of federalized members of the National Guard in Oregon, has not been challenged or appealed. Thus, the effect of granting the administrative stay preserves the status quo in which National Guard members have been federalized but not deployed.

## COUNSEL

Stacy M. Chaffin and Peenesh Shah, Assistant Attorneys General; Jona J. Maukonen, Assistant Attorney-In-Charge;

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

Dustin E. Buehler, Special Counsel; Benjamin N. Gutman, Interim Deputy Attorney General; Dan Rayfield, Attorney General; Oregon Department of Justice, Salem, Oregon; Scott P. Kennedy, Trial Attorney, Oregon Department of Justice, Portland, Oregon; Denis M. Vannier, Senior Deputy City Attorney, Portland Office of the City Attorney, Portland, Oregon; for Plaintiffs-Appellees.

Sharon Swingle, J. Kain Day, and Mark R. Freeman, Attorneys, Appellate Staff; Christopher D. Edelman, Senior Counsel; Eric D. McArthur, Deputy Assistant Attorney General; Brett A. Shumate, Assistant Attorney General; Civil Division, United States Department of Justice, Washington, D.C.; for Defendants-Appellants.

R. Trent McCotter and Nicholas A. Cordova, Boyden Gray PLLC, Washington, D.C.; Gene Hamilton, America First Legal Foundation, Washington, D.C.; for Amicus Curiae America First Legal Foundation.

Jonathan B. Miller, Jenna Ma, Elaine Poon, and Jean Larsen, Public Rights Project, Oakland, California; Yibin Shen, Alameda City Attorney, Alameda, California; Atleen Kaur, Ann Arbor City Attorney, Ann Arbor, Michigan; Lauren Keefe, Albuquerque City Attorney, Albuquerque, New Mexico; Ebony M. Thompson, Baltimore City Solicitor, Baltimore City Department of Law, Baltimore, Maryland; Cheran Ivery, Alexandria City Attorney, Alexandria, Virginia; Farimah F. Brown, Berkeley City Attorney, Berkeley, California; Rosalyn Guy-McCorkle, Allegheny County Solicitor, Pittsburgh, Pennsylvania; Adam Cederbaum, Boston Corporation Counsel, Boston, Massachusetts; Jessica C. Brown, Burlington City Attorney, Office of City Attorney & Corporation Counsel, Burlington, Vermont; Miko Brown, Denver City Attorney, Denver,

Colorado; Megan Bayer, Cambridge City Solicitor, Cambridge, Massachusetts; Leesa Manion, Martin Luther King Jr. County Prosecuting Attorney, Seattle, Washington; Mary B. Richardson-Lowry, Chicago Corporation Counsel, Chicago, Illinois; Dawn McIntosh, Long Beach City Attorney, Long Beach, California; David R. Gault, Deputy Corporation Counsel; Carlos Pabellon, Dane County Corporation Counsel; Madison, Wisconsin; Hydee F. Soto, Los Angeles City Attorney, Los Angeles, California; Brigit G. Alvarez, Deputy County Counsel; Liliana Campos, Assistant County Counsel; Judy W. Whitehurst, Los Angeles County Chief Deputy, Los Angeles, California; Jenny Madkour, Multnomah County Attorney, Portland, Oregon; Patricia King, New Haven Corporation Counsel, New Haven, Connecticut; Michael Haas, Madison City Attorney, Madison, Wisconsin; Muriel Goode-Trufant, New York Corporation Counsel, New York, New York; Kristyn Anderson, Minneapolis City Attorney, Minneapolis, Minnesota; Ryan Richardson, Oakland City Attorney, Oakland, California; John P. Markovs, Montgomery County Attorney, Montgomery County, Maryland; Laura Conover, Pima County Attorney, Pima County, Arizona; Krysia Kubiak, Pittsburgh City Solicitor and Chief Legal Officer, Pittsburgh, Pennsylvania; Nora Frimann, San Jose City Attorney, San Jose, California; Patrick Beath, Rochester Corporation Counsel, Rochester, New York; Tony Lopresti, Santa Clara County Counsel, San Jose, California; Susana A. Wood, Sacramento City Attorney, Sacramento, California; John D. Nibberlin, San Mateo County Counsel, Redwood City, California; Lyndsey M. Olson, St. Paul City Attorney, St. Paul, Minnesota; Heidi Von Tongeln, Santa Monica Interim City Attorney, Santa Monica, California; Heather Ferbert, San Diego City Attorney, San Diego,

California; David Chiu, San Francisco City Attorney, San Francisco, California; Lauren Langer, West Hollywood City Attorney, Los Angeles, California; for Amicus Curiae for Amici Curiae Local Governments and Local Government Leaders.

**ORDER**

On September 28, 2025, Secretary Hegseth issued a memorandum authorizing the federalization and deployment of 200 Oregon National Guard service members (Memorandum). Plaintiffs, the City of Portland and the State of Oregon, filed a complaint seeking declaratory and injunctive relief, and moved for a temporary restraining order to enjoin the implementation of the Memorandum. *State of Oregon v. Trump*, No. 3:25-CV-1756, Dkt. 6 (D. Or. Sept. 29, 2025) (Dist. Ct. Dkt.). On October 4, the district court granted Plaintiffs' motion and issued a temporary restraining order enjoining implementation of the Memorandum. *Id*. at Dkt. 56. That same day, Defendants filed a notice of appeal, *id*. at Dkt. 57, and an emergency motion under Circuit Rule 27-3, seeking an administrative stay of the district court's October 4 order, and a stay of that order pending appeal. Dkt. 11-12.

On October 5, Plaintiffs filed an amended complaint and a second motion seeking a temporary restraining order to enjoin Defendants from deploying members of the California National Guard to Oregon. Dist. Ct. Dkt. 58, 59. The district court granted Plaintiffs' motion and entered a second temporary restraining order enjoining the "deploy[ment] [of] federalized members of the National

Guard in Oregon." *Id*. at Dkt. 68. Defendants have not appealed or challenged the second temporary restraining order, and it is not before us.

In this order, we address only the emergency motion for an administrative stay of the district court's October 4 temporary restraining order. In a separate order we have set argument on the motion for a stay pending appeal for October 9, 2025. Dkt. 18.

An administrative stay is intended to "minimize harm while an appellate court deliberates" and lasts "no longer than necessary to make an intelligent decision on the motion for stay pending appeal." *United States v. Texas*, 144 S. Ct. 797, 798-99 (2024) (Barrett, J., concurring); *see also Nken v. Holder*, 556 U.S. 418, 427 (2009) (explaining that the authority to enter an administrative stay "allows an appellate court to act responsibly"). Given its limited nature, an administrative stay "does not constitute in any way a decision as to the merits of the motion for a stay pending appeal." *Doe #1 v. Trump*, 944 F.3d 1222, 1223 (9th Cir. 2019). And we "defer weighing the *Nken* factors until the motion for stay pending appeal is considered." *Nat'l Urb. League v. Ross*, 977 F.3d 698, 702 (9th Cir. 2020) (footnote omitted).

"When considering the request for an administrative stay, our touchstone is the need to preserve the status quo." *Id.* That inquiry necessarily depends "on the facts of this case." *Id.* at 701. We ask what real-world effects would result "if an administrative stay is put in place." *Id.*; *accord Doe #1*, 944 F.3d at 1223 (examining the practical effects of "granting the temporary stay request").

In the circumstances here, granting an administrative stay will best preserve the status quo. Prior to the October 4

Case: 25-6268, 10/10/2025, DktEntry: 53.1, Page 7 of 7

STATE OF OREGON V. TRUMP 7

temporary restraining order, Oregon National Guard members had been federalized but not deployed. The Memorandum authorized federalization of the Oregon National Guard members. An administrative stay of the October 4 temporary restraining order will maintain the federalization of Oregon National Guard members, because that order prohibits implementation of the Memorandum. Additionally, the second temporary restraining order has not been challenged or appealed, and it prohibits the deployment of National Guard members in Oregon. Thus, the effect of granting an administrative stay preserves the status quo in which National Guard members have been federalized but not deployed.

**Administrative Stay GRANTED.**