

**U.S. Department of Justice**
Civil Division, Appellate Staff
950 Pennsylvania Ave. NW
Washington, DC 20530

Tel: (202) 353-2689

October 17, 2025

**Via CM/ECF**

Molly C. Dwyer, Clerk of Court
U.S. Court of Appeals for the Ninth Circuit
James R. Browning Courthouse
95 Seventh Street
San Francisco, CA 94103

    RE:    *State of Oregon, et al. v. Donald J. Trump, et al.*, No. 25-6268

Dear Ms. Dwyer:

    The federal government writes in response to plaintiffs' October 16, 2025 letter purporting to "inform the Court of new and pertinent legal authority," *i.e.*, the Seventh Circuit's stay decision in *Illinois v. Trump*, No. 25-2798 (Oct. 16, 2025). That court denied in part the government's request for a stay pending appeal, allowing the National Guard to remain federalized in Illinois but barring deployment of the Guard there.

    For a host of reasons, the Seventh Circuit's stay decision is not "pertinent legal authority." That decision centered on the district court's assessment of the factual situation in Illinois, while the question before this Court is whether the circumstances in Oregon were such that the President's federalization decision reflected a "colorable assessment of the facts and law within a range of honest judgment." And the Seventh Circuit's interpretation of "rebellion," which plaintiffs focus on in their letter, has no bearing on whether the President lawfully federalized the National Guard under Section 12406(3) to support the execution of federal law. Because Section 12406(3) can independently support the President's action, the Seventh Circuit's "rebellion" analysis is of limited import.

    In all events, the Seventh Circuit's decision is wrong on both the facts and the law—as the federal government has already explained in seeking a stay before the Supreme Court. *Trump v. Illinois*, No. 25A__, (S. Ct. Oct. 17, 2025). The

Illinois district court's findings disregard extensive evidence of coordinated violence aimed at thwarting immigration enforcement in the Chicago area. That evidence, in turn, establishes both that the President had a reasonable basis for concluding that he was unable with the regular forces to execute the laws and also that there was a rebellion or a danger of rebellion as that term is properly understood given its ordinary meaning and historic examples demonstrating its intended application. The record in Illinois is more than sufficient to support the President's federalization and deployment decisions, notwithstanding the Illinois district court's findings or the Seventh Circuit's stay decision.

                                                Sincerely,

                                                */s/ J. Kain Day*
                                                J. Kain Day

cc:     All counsel (via CM/ECF)