DAN RAYFIELD
Attorney General of Oregon
BENJAMIN GUTMAN
Interim Deputy Attorney General
DUSTIN E. BUEHLER
Special Counsel
JONA J. MAUKONEN
Assistant Attorney-In-Charge
Civil Appeals
PEENESH SHAH
Assistant Attorney General
STACY M. CHAFFIN
Assistant Attorney General
1162 Court St.
Salem, Oregon 97301
Telephone: (503) 378-4402

Counsel for Appellee State of Oregon

IN THE UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| STATE OF OREGON; CITY OF PORTLAND, | |
| Plaintiffs - Appellees, | U.S.C.A. No. 25-6268 |
| v. | |
| DONALD J. TRUMP, In his official capacity as President of the United States; PETER HEGSETH, In his official capacity as Secretary of Defense; UNITED STATES DEPARTMENT OF DEFENSE; KRISTI NOEM, In her official capacity as Secretary of Homeland Security; UNITED STATES DEPARTMENT OF HOMELAND SECURITY, | RESPONSE TO MOTION TO DISMISS |
| Defendants - Appellants. | |

## INTRODUCTION

Defendants move to dismiss this appeal as moot, in a one-paragraph motion

that cites no legal authority. In their view, the appeal is moot because the initial

Page 1 - RESPONSE TO MOTION TO DISMISS
SC3:kw5\1004872983

Department of Justice
1162 Court St NE
Salem, OR 97301
(503) 378-4402

TRO that they appealed "expired." (Dkt. 91). For the reasons discussed below, the motion should be denied or, at a minimum, should be held in abeyance pending clarification from defendants on whether they intend to appeal the permanent injunction subsequently entered by the district court in this case against them. In addition, plaintiffs ask that the Court clarify its extant administrative-stay order.

## BACKGROUND

As the Court is aware, this case concerns defendants' attempt to federalize the Oregon National Guard, over the objection of the Oregon Governor, and to deploy those military forces to the streets of Portland under 10 U.S.C. § 12406. The district court enjoined both actions in a TRO ("TRO 1"). (Dist. Ct. Dkt. 56). After defendants responded by directing the California National Guard and the Texas National Guard to Oregon, the district court entered a second TRO to reaffirm that no National Guard troops could be deployed in Oregon under § 12406 ("TRO 2"). (Dist. Ct. Dkt. 68). Defendants appealed to this Court seeking emergency relief from TRO 1 only. (Dkt. 11). This Court then granted an administrative stay of TRO 1 to preserve the status quo given that TRO 2, which defendants had not appealed, remained in effect, thereby allowing the federalization but not the deployment of Oregon's Guard. (Dkt. 32).

A sharply divided motions panel initially granted a full stay pending appeal of TRO 1. (Dkt. 61). That same day, a judge of this Court made a sua sponte en

Page 2 - RESPONSE TO MOTION TO DISMISS
SC3:kw5\1004872983

Department of Justice
1162 Court St NE
Salem, OR 97301
(503) 378-4402

banc call. (Dkt. 63). A majority of non-recused active judges ultimately voted to rehear the case en banc. (Dkt. 89). And on October 30, 2025, the Court reiterated that the prior administrative stay of TRO 1 "remains in effect pending further order of the en banc court." (Dkt. 90 at 1).

Meanwhile, the district court proceedings continued apace. The district court held a merits trial from October 29 to 31, 2025. At the conclusion of trial, defendants refused to consent to a short extension of TRO 1 or TRO 2—which were set to expire on November 1 and 2, 2025, respectively—to allow the district court time to issue an opinion. (Dist. Ct. Dkt. 134 at 2). Defendants also requested a stay pending appeal of any injunctive relief ordered by the district court, "given the weighty issues that merit appellate review." (Trial Tr. at 832–33 (Oct. 31, 2025)). The district court issued a short preliminary injunction until 5:00 p.m. on November 7, 2025. (Dist. Ct. Dkt. 134). On November 7, the district court issued an extensive 106-page Findings of Fact and Conclusion of Law based on the full trial record, permanently enjoining the federalization and deployment of National Guard troops to Oregon under the associated directives and memoranda at issue in this appeal. (Dist. Ct. Dkt. 146, 147). At the same time, at defendants' request, the district court stayed the federalization portion of its injunction for 14 days to allow defendants time to appeal to this Court. (Dist. Ct. Dkt. 147 at 3).

Page 3 - RESPONSE TO MOTION TO DISMISS
SC3:kw5\1004872983
Department of Justice
1162 Court St NE
Salem, OR 97301
(503) 378-4402

# ARGUMENT

The Court should deny defendants' motion to dismiss, as the appeal is not moot. More fundamentally, the motion is at best premature, given defendants' prior stated intent to appeal any additional grant of injunctive relief, which then likely would become part of this appeal under this Court's case law and orders.

As this Court has explained, "[t]he test for mootness of an appeal is whether the appellate court can give the appellant any effective relief in the event that it decides the matter on the merits in his favor. If it can grant such relief, the matter is not moot." *Serv. Emps. Int'l Union (SEIU) v. Nat'l Union of Healthcare Workers*, 598 F.3d 1061, 1068 (9th Cir. 2010) (quoting *Garcia v. Lawn,* 805 F.2d 1400, 1402 (9th Cir.1986)). For example, in *SEIU*, the Court denied a motion to dismiss an appeal of a TRO as moot, where the district court subsequently entered a preliminary injunction based on many of the same issues and arguments. *Id.* at 1067–69. The Court reasoned that, given the legal and factual overlap between the two orders, its resolution of the TRO appeal could have "relevance to the ongoing litigation" in a way that created "the possibility of providing appellants effective relief," should the Court rule in their favor. *Id.* at 1068.

So too here. As recounted above, defendants are now permanently enjoined by the district court under many of the same directives, legal standards, and arguments regarding § 12406 at issue in this appeal of TRO 1. Indeed, potential

Page 4 - RESPONSE TO MOTION TO DISMISS
SC3:kw5\1004872983

Department of Justice
1162 Court St NE
Salem, OR 97301
(503) 378-4402

contempt proceedings are ongoing in the district court over defendants' conceded violation of TRO 1 when Oregon National Guard troops remained deployed in Portland *after* the district court had issued TRO 1. (Dist. Ct. Dkt. 146 at 9–10). As such, given the unique and complex procedural posture of this case, deciding the appeal in defendants' favor might grant some relief from ongoing orders and proceedings. As just one example, defendants have maintained throughout this litigation that defendants' invocation of § 12406 is not judicially reviewable at all. Plaintiffs vehemently disagree with that argument and, to date, no federal court has agreed with it; but if this Court ultimately so held, then that holding would create a "possibility of providing appellants effective relief." *SEIU*, 598 F.3d at 1068.

At a minimum, the Court should hold defendants' motion to dismiss in abeyance pending a likely appeal of the district court's permanent injunction. As noted above, defendants requested and received a partial stay of the district court's permanent injunction expressly to allow defendants to appeal such an injunction to this Court. (Dist. Ct. Dkt. 147 at 3). And any such appeal likely would become part of this appeal, as "interlocutory orders entered prior to the judgment merge into the judgment." *Env't Prot. Info. Ctr., Inc. v. Pac. Lumber Co.*, 257 F.3d 1071, 1075 (9th Cir. 2001). Relatedly, once an appeal goes en banc, the en banc panel "may decide all matters in the case including, at the en banc court's option, future appeals in the same case." *Duncan v. Bonta*, 131 F.4th 1019, 1025 (9th Cir. 2025)

Page 5 - RESPONSE TO MOTION TO DISMISS
SC3:kw5\1004872983

Department of Justice
1162 Court St NE
Salem, OR 97301
(503) 378-4402

(citing 9th Cir. Gen. Order 3.6). As such, even assuming that the appeal of TRO 1 has become moot—which, as explained above, it has not—any subsequent appeal of the permanent injunction likely would constitute a "comeback case" for consideration by the en banc court under Ninth Circuit General Orders 1.12 and 3.6. Given defendants' own statements, an appeal of the permanent injunction remains possible, if not likely, until defendants' time to appeal has run.

Separately, and finally, plaintiffs request clarification of this Court's extant administrative-stay order. As noted, after the Court voted to rehear this case en banc, the Court reiterated that the motion panel's administrative stay "entered on October 8, 2025, remains in effect pending further order of the en banc court." (Dkt. 90 at 1). That administrative stay had preserved the status quo by maintaining federalization of the Oregon National Guard while prohibiting their deployment in Oregon. (Dkt. 90 at 5–6). However, it was premised on staying the TRO at issue in this appeal, which is now a permanent injunction after a full merits trial. Perhaps given that uncertainty, the district court stayed the federalization portion of its permanent injunction for 14 days, to give defendants the opportunity to seek further relief from this Court. To date, defendants have not done so. Yet Oregon Guard members remain federalized away from their daily lives and inaccessible for service to the State of Oregon, pursuant to orders that the district court found contravened § 12406 and the Tenth Amendment. Plaintiffs thus

Page 6 - RESPONSE TO MOTION TO DISMISS
SC3:kw5\1004872983

believe that the proper course is for the Court's administrative stay to expire at the same time as the 14-day partial stay of the permanent injunction provided by the district court—at 5:00 p.m. on November 21, 2025.

## CONCLUSION

The Court should deny defendants' motion to dismiss this appeal; at a minimum, the Court should hold the motion in abeyance pending clarification on whether defendants will appeal the permanent injunction against them in this case. The Court also should clarify whether its extant administrative stay, which preserved the status quo of maintaining the federalization of Oregon's National Guard, remains in effect past the 14-day partial stay issued by the district court.

Respectfully submitted,

| | |
|---|---|
| DENIS M. VANNIER #044406<br>Senior Deputy City Attorney<br>Office of City Attorney<br> 1221 SW 4th Ave., Ste. 430<br> Portland, Oregon 97204<br> Telephone: (503) 823-4047<br> denis.vannier@portlandoregon.gov | DAN RAYFIELD #064790<br>Attorney General<br>BENJAMIN GUTMAN #160599<br>Interim Deputy Attorney General<br>DUSTIN E. BUEHLER #152024<br>Special Counsel<br>JONA J. MAUKONEN # 043540<br>Assistant Attorney-In-Charge<br>Civil Appeals<br>PEENESH SHAH #112131<br>Assistant Attorney General<br>STACY M. CHAFFIN #205782<br>Assistant Attorney General<br> 1162 Court St.<br> Salem, Oregon 97301<br> Telephone: (503) 378-4402<br> stacy.chaffin@doj.oregon.gov |
| Attorney for Appellee<br>City of Portland | Attorneys for Appellee<br>State of Oregon |

Page 7 - RESPONSE TO MOTION TO DISMISS
　　SC3:kw5\1004872983

Department of Justice
1162 Court St NE
Salem, OR 97301
(503) 378-4402

## CERTIFICATE OF SERVICE

I hereby certify that on November 13, 2025, I directed the Response to Motion to Dismiss to be electronically filed with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

/s/ Stacy M. Chaffin
_____
STACY M. CHAFFIN #205782
Assistant Attorney General
stacy.chaffin@doj.oregon.gov

Attorney for Appellee
State of Oregon

Page 8 - RESPONSE TO MOTION TO DISMISS
SC3:kw5\1004872983

Department of Justice
1162 Court St NE
Salem, OR 97301
(503) 378-4402