No. 25-6268

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

STATE OF OREGON, et al.,
*Plaintiffs-Appellees*,

v.

DONALD J. TRUMP, *in his official capacity as President of the United States,* et al.,
*Defendants-Appellants.*

On Appeal from the United States District Court
for the District of Oregon

**REPLY IN SUPPORT OF MOTION TO DISMISS**

BRETT A. SHUMATE
 *Assistant Attorney General*

ERIC D. MCARTHUR
 *Deputy Assistant Attorney General*

MARK R. FREEMAN
SHARON SWINGLE
ANDREW M. BERNIE
J. KAIN DAY
 *Attorneys, Appellate Staff*
 *Civil Division, Room 7517*
 *U.S. Department of Justice*
 *950 Pennsylvania Avenue NW*
 *Washington, DC 20530*
 *(202) 353-2689*

This appeal is moot. The temporary restraining order on appeal expired by its terms, and the district court has now entered a partial final judgment and permanent injunction that "swallowed the whole of the TRO." *See Serv. Emps. Int'l Union v. Nat'l Union of Healthcare Workers*, 598 F.3d 1061, 1068 (9th Cir. 2010) (*SEIU*). That permanent injunction was based on new reasoning, detailed in a 106-page opinion, and all preliminary orders in the case have now merged with the district court's final judgment. *See, e.g.*, *Env't Prot. Info. Ctr., Inc. v. Pac. Lumber Co.*, 257 F.3d 1071, 1075 (9th Cir. 2001). Because the district court case has reached final judgment, the Court has no power to grant the relief defendants-appellants' previously requested, *i.e.*, vacatur of a temporary restraining order, and the appeal must be dismissed. Plaintiffs offer no persuasive argument to the contrary.

To start, plaintiffs gloss over the Court's reasoning in *SEIU*. There, the district court had "explicitly preserved a portion of the TRO as still effective after issuance of [its] injunction." *SEIU*, 598 F.3d at 1068. And that fact was "essential to [this Court's] determination" that the appeal had not become moot. *Id.* Because the TRO in *SEIU* had not been "completely superseded," the Court still had the power to grant relief in that case. *Id.* The opposite is true here. The TRO on appeal has expired, and it has been entirely replaced by the district court's permanent injunction, which is already at issue in a separate appeal. *Oregon v. Trump*, No. 25-7194 (9th Cir.). The district court's final judgment incorporates and supersedes all preliminary orders in the case, including

the TRO on appeal. Thus, the relief sought in this appeal—vacatur of the TRO—is no longer available. Plaintiffs do not argue otherwise, and that is fatal to their position.

Plaintiffs' reliance on alleged non-compliance is both factually inaccurate and legally irrelevant. Resp. 4-5. There are no contempt proceedings pending before the district court, and defendants complied with the district court's TROs.[1] *Compare* Resp. 4-5, *with* D. Ct. Dkt. 146 at 9-10 (suggesting only that defendants will be ordered to further explain their conduct). But even setting that aside, any contempt proceedings before the district court would not impact mootness. The TRO that is the subject of this appeal has expired, and nothing about defendants' compliance with that order while it was in effect changes that fact.

Likewise, no abstract legal question can save this appeal from mootness. *Contra* Resp. 5. Certainly, if the Court decided (as it should) that the President's Section 12406 decisions are unreviewable, then the district court's *permanent* injunction should be set aside. But that does not mean this Court has authority to resolve the present appeal— which is directed entirely to an expired and superseded TRO.

Nor is there any basis for the Court to hold defendants' motion in abeyance. Doing so would only delay the inevitable: this appeal is moot, and it must be dismissed. The principle that interlocutory orders in a case "merge[]" into the final judgment only supports the conclusion that plaintiffs should present any their arguments "in the

---

[1] Defendants have not conceded a violation of the district court's orders, and in asserting otherwise, plaintiffs cite nothing containing such a concession.

2

context of the new appeal," not this now-moot proceeding. *Spirit of Aloha Temple v. Cnty. of Maui*, No. 23-15647, 2023 WL 11200388, at *1 (9th Cir. Nov. 20, 2023); *cf. Nationwide Biweekly Admin., Inc. v. Owen*, 873 F.3d 716, 730 (9th Cir. 2017). And the Court's ability to grant en banc review for a *new* appeal does not change the fact that *this* appeal is moot.

Finally, there is no need to clarify the Court's administrative stay. *Contra* Resp. 6-7. As plaintiffs admit, that stay applied only to the TRO on appeal, which has expired. *See* Resp. 6. Because the TRO expired, the administrative stay also expired, and any clarification order would be purely advisory.

Respectfully submitted,

BRETT A. SHUMATE
  *Assistant Attorney General*

ERIC D. McARTHUR
  *Deputy Assistant Attorney General*

MARK R. FREEMAN
SHARON SWINGLE
ANDREW M. BERNIE

*/s/ J. Kain Day*
J. KAIN DAY
  *Attorneys, Appellate Staff*
  *Civil Division, Room 7517*
  *U.S. Department of Justice*
  *950 Pennsylvania Avenue NW*
  *Washington, DC 20530*
  *(202) 353-2689*
  *Sharon.swingle@usdoj.gov*

November 2025

3

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2)(C) and Local Rules 27-1(d) and 32-3 because it contains 657 words. This brief also complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5)-(6) because it was prepared using Word for Microsoft 365 in Garamond 14-point font, a proportionally spaced typeface.

*/s/ J. Kain Day*
J. KAIN DAY