DAN RAYFIELD
Attorney General of Oregon
BENJAMIN GUTMAN
Interim Deputy Attorney General
DUSTIN E. BUEHLER
Special Counsel
JONA J. MAUKONEN
Assistant Attorney-In-Charge
Civil Appeals
PEENESH SHAH
Assistant Attorney General
STACY M. CHAFFIN
Assistant Attorney General
1162 Court St.
Salem, Oregon 97301
Telephone:  (503) 378-4402

Counsel for Appellee State of Oregon


IN THE UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| STATE OF OREGON; CITY OF PORTLAND,<br><br>　　　Plaintiffs - Appellees,<br><br>　　　　　v.<br><br>DONALD J. TRUMP, In his official capacity as President of the United States; PETER HEGSETH, In his official capacity as Secretary of Defense; UNITED STATES DEPARTMENT OF DEFENSE; KRISTI NOEM, In her official capacity as Secretary of Homeland Security; UNITED STATES DEPARTMENT OF HOMELAND SECURITY,<br><br>　　　Defendants - Appellants. | U.S.C.A. No. 25-6268 |

Page 1 - MOTION TO CONSOLIDATE APPEALS (25-6268 & 25-7194) AND
RESPONSE TO MOTION FOR A STAY PENDING APPEAL (25-7194)

SC3:kw5\1005272179

STATE OF OREGON; CITY OF PORTLAND; STATE OF CALIFORNIA,

    Plaintiffs - Appellees,

       v.

DONALD J. TRUMP, In his official capacity as President of the United States; PETER HEGSETH, In his official capacity as Secretary of Defense; UNITED STATES DEPARTMENT OF DEFENSE; KRISTI NOEM, In her official capacity as Secretary of Homeland Security; UNITED STATES DEPARTMENT OF HOMELAND SECURITY,

    Defendants - Appellants.

U.S.C.A. No. 25-7194

## MOTION TO CONSOLIDATE APPEALS (25-6268 & 25-7194) AND RESPONSE TO MOTION FOR A STAY PENDING APPEAL (25-7194)

Plaintiffs-Appellees, the State of Oregon and City of Portland, move to consolidate the two appeals before this Court challenging Defendants-Appellants' attempt to federalize and deploy the National Guard in Oregon under 10 U.S.C. § 12406, Case Nos. 25-6268 and 25-7194. Plaintiffs understand both appeals to be before the en banc court by operation of appellate rules, procedures, and principles; this motion is therefore filed out of an abundance of caution. Defendants oppose consolidation; the State of California, the other party in 25-7194, supports it.

Separately, defendants have moved for a stay pending appeal in 25-7194. However, their request for a stay—and the merits of the underlying legal dispute

Page 2 - MOTION TO CONSOLIDATE APPEALS (25-6268 & 25-7194) AND
        RESPONSE TO MOTION FOR A STAY PENDING APPEAL (25-7194)

SC3:kw5\1005272179

Department of Justice
1162 Court St NE
Salem, OR 97301
(503) 378-4402

over their invocation of § 12406—are already before the en banc court. Plaintiffs thus believe that the proper course is for the Court to set a briefing schedule for the merits of the consolidated appeals, including defendants' renewed stay motion. To the extent that the Court considers the merits of that stay request now, the motion should be denied for the reasons already briefed extensively for the Court and most cogently explained in Judge Graber's dissent from the panel's original stay order.

Finally, defendants have requested a partial administrative stay to allow the continued federalization of Oregon's Guard. Plaintiffs oppose the request. To the extent that the Court is inclined to maintain the status quo, the Court should require defendants to clarify the status quo and regularly apprise the Court and parties of it.

## BACKGROUND

This case concerns defendants' attempt to federalize the Oregon National Guard, over the objection of the Oregon Governor, and to deploy Guard troops to Oregon under 10 U.S.C. § 12406. The district court enjoined both actions in a TRO ("TRO 1"). (Dist. Ct. Dkt. 56). Almost immediately, defendants responded by directing the California National Guard and the Texas National Guard to Oregon, so the State of California joined as a co-plaintiff. (Dist. Ct. Dkt. 58). The next day, the district court entered a second TRO to reaffirm that no Guard troops could be deployed in Oregon under § 12406 ("TRO 2"). (Dist. Ct. Dkt. 68).

Department of Justice
1162 Court St NE
Salem, OR 97301
(503) 378-4402

Defendants appealed to this Court seeking emergency relief from TRO 1 only. (*State of Oregon v. Trump*, No. 25-6268, Dkt. 11). The Court granted an administrative stay of TRO 1 to preserve the status quo given that TRO 2, which defendants had not appealed, remained in effect, maintaining the federalization but enjoining the deployment of Guard troops in Oregon. (25-6268 Dkt. 32).

A sharply divided motions panel initially granted a full stay pending appeal of TRO 1. (25-6268 Dkt. 61). That same day, a judge of this Court made a sua sponte en banc call. (25-6268 Dkt. 63). A majority of non-recused active judges voted to rehear the case en banc. (25-6268 Dkt. 89). And on October 30, 2025, the Court reiterated that the prior administrative stay of TRO 1 "remains in effect pending further order of the en banc court." (25-6268 Dkt. 90 at 1).

Meanwhile, district court proceedings continued apace. The district court held a full merits trial from October 29 to 31, 2025. At the conclusion of trial, defendants refused to consent to a short extension of TRO 1 or TRO 2—which were set to expire on November 1 and 2, 2025, respectively—to allow the district court time to issue an opinion. (Dist. Ct. Dkt. 134 at 2). The district court thus issued a short preliminary injunction until 5:00 p.m. on November 7, 2025. (Dist. Ct. Dkt. 134). For their part, defendants quickly moved to dismiss this appeal as moot, notwithstanding the ongoing district court proceedings. (25-6268 Dkt. 91).

Page 4 - MOTION TO CONSOLIDATE APPEALS (25-6268 & 25-7194) AND
        RESPONSE TO MOTION FOR A STAY PENDING APPEAL (25-7194)

Department of Justice
1162 Court St NE
Salem, OR 97301
(503) 378-4402

On November 7, the district court issued extensive Findings of Fact and

Conclusion of Law based on the full trial record, comprising 106 pages, and

permanently enjoining the federalization and deployment of National Guard troops

to Oregon under the associated directives and memoranda at issue in this appeal.

(Dist. Ct. Dkt. 146, 147).  At the same time, at defendants' request, the district

court stayed the federalization portion of its injunction for 14 days, until November

21, to allow defendants time to appeal to this Court.  (Dist. Ct. Dkt. 147 at 3).

Defendants appealed the permanent injunction on November 14.  (*State of*

*Oregon v. Trump*, 25-7194, Dkt. 1).  And on November 16—nine days after the

district court's order—defendants filed an emergency motion for a stay pending

appeal of the injunction, as well as for a partial administrative stay of the

federalization portion of the district court's order.  (25-7194 Dkt. 6).

## ARGUMENT

### A.    The Court should formally consolidate Nos. 25-6268 and 25-7194.

This Court should consolidate defendants' appeals of TRO 1, No. 25-6268

(9th Cir.), and of the permanent injunction, No. 25-7194 (9th Cir.), both of which

arose out of the same district court proceedings below, No. 3:25-cv-01756 (D. Or.).

Plaintiffs understand both appeals to already be before the en banc court by

operation of appellate rules and procedures—or, if they are not already, likely will

Page 5 - MOTION TO CONSOLIDATE APPEALS (25-6268 & 25-7194) AND
               RESPONSE TO MOTION FOR A STAY PENDING APPEAL (25-7194)

Department of Justice
1162 Court St NE
Salem, OR  97301
(503) 378-4402

be soon.  As this Court has explained, once an appeal goes en banc, the en banc

panel "may decide all matters in the case including, at the en banc court's option,

future appeals in the same case." *Duncan v. Bonta*, 131 F.4th 1019, 1025 (9th Cir.

2025) (citing 9th Cir. Gen. Order 3.6).  In other words, "when the Court requests

that the parties brief the question of whether a case should be heard or reheard by

an *en banc* panel, it is referring to the entire case." *Summerlin v. Stewart*, 309 F.3d

1193, 1193 (9th Cir. 2002).  Then, if a majority of non-recused active judges votes

to rehear the case en banc, "the *en banc* panel assumes jurisdiction over *the entire*

*case*." *Id.* (emphasis added).  The en banc court has jurisdiction over both appeals.

       The merger principle also amplifies the full scope of the en banc court's

review here.  That principle provides that "interlocutory orders entered prior to [a]

judgment merge into the judgment." *Env't Prot. Info. Ctr., Inc. v. Pac. Lumber*

*Co.*, 257 F.3d 1071, 1075 (9th Cir. 2001).  The purpose of that rule is to avoid "the

harassment and cost of a succession of separate appeals from the various rulings to

which a litigation may give rise." *Am. Ironworks & Erectors, Inc. v. N. Am. Const.*

*Corp.*, 248 F.3d 892, 897 (9th Cir. 2001) (quoting *Firestone Tire & Rubber Co. v.*

*Risjord,* 449 U.S. 368, 374 (1981)).  As such, defendants' subsequent permanent

injunction appeal (25-7914) has now merged into its appeal of TRO 1 (25-6268).

Page 6 - MOTION TO CONSOLIDATE APPEALS (25-6268 & 25-7194) AND
         RESPONSE TO MOTION FOR A STAY PENDING APPEAL (25-7194)

Department of Justice
1162 Court St NE
Salem, OR  97301
(503) 378-4402

Indeed, defendants conceded merger in moving to dismiss the TRO 1 appeal

as moot.  (25-6268 Dkt. 94 at 2).  In arguing mootness, defendants cited two cases

where the Court dismissed appeals of preliminary injunctions following the entry

of a final judgment. (25-6268 Dkt. 94.1 at 2 (citing *Spirit of Aloha Temple v. Cnty.*

*of Maui*, No. 23-15647, 2023 WL 11200388, at *1 (9th Cir. Nov. 20, 2023);

*Nationwide Biweekly Admin., Inc. v. Owen*, 873 F.3d 716, 730 (9th Cir. 2017)).

But neither case is apposite, as no en banc proceedings had been initiated in either.

Instead, defendants simply elide this Court's en banc procedures and general

orders.  Most pertinently, even if the appeal of TRO 1 were moot—it is not, for the

reasons explained in plaintiffs' response (25-6268 Dkt. 92)—the appeal of the

permanent injunction still would be before the en banc court as a "comeback case"

under Ninth Circuit General Order 1.12, which defines a comeback case as a

"subsequent appeal[] or petition[] from a district court case or agency proceeding

involving substantially the same parties and issues from which there previously

had been a calendared appeal or petition."  Under that scenario, the en banc court

then would "decide whether to keep the case."  9th Cir. Gen. Order 3.6(b).

Keeping the case would be particularly prudent here, as both appeals involve the

same parties, arise out of the same district court proceedings, and involve the same

legal issues around defendants' attempt to federalize and deploy National Guard

Page 7 - MOTION TO CONSOLIDATE APPEALS (25-6268 & 25-7194) AND
        RESPONSE TO MOTION FOR A STAY PENDING APPEAL (25-7194)

troops to Oregon under § 12406 based on the President's September 27, 2025,

directive, and Secretary Hegseth's associated memoranda—the gravity of which a

majority of non-recused active judges already voted to rehear and decide en banc.

Finally, FRAP 3(b)(2) further counsels consolidation. That rule was adopted

"to encourage consolidation of appeals whenever feasible." Fed. R. App. P. 3(b)

advisory committee's note to 1967 amendment. To that end, consolidation "may

be ordered * * * in the interests of justice." *United States v. Washington*, 573 F.2d

1121, 1123 (9th Cir. 1978). And the Court has consolidated appeals that "raise the

same legal issues." *California v. Mesa*, 813 F.2d 960, 961 n.1 (9th Cir. 1987),

*aff'd*, 489 U.S. 121 (1989). Here, consolidation would promote judicial efficiency

and economy while causing little or no delay in appellate proceedings. Each

appeal was filed recently, and merits briefing has not begun in either. And as just

discussed, both appeals involve the same principal parties, arise out of the same

district court proceedings, and involve virtually identical legal issues.[1]

---

[1] The only difference in legal issues is that the underlying merits under § 12406 were reviewed through the preliminary "likelihood of success" lens at the TRO stage, which no longer applies post-judgment. The only difference in parties is that California is a party to the most recent appeal arising out of the permanent injunction, due to defendants' redirection of California Guard troops to Oregon in response to TRO 1; as noted above, California has informed undersigned counsel that it agrees with this request for consolidation of the appeals.

Page 8 - MOTION TO CONSOLIDATE APPEALS (25-6268 & 25-7194) AND
          RESPONSE TO MOTION FOR A STAY PENDING APPEAL (25-7194)

Department of Justice
1162 Court St NE
Salem, OR  97301
(503) 378-4402

In short, the Court already recognized the gravity of the issues at stake in taking this case en banc in No. 25-6268.  The full case is before the en banc court. And the case includes defendants' subsequent appeal of the permanent injunction in No. 25-7194.  The fact that defendants have moved for an emergency stay pending appeal for the second time in a matter of weeks on the same legal issues, involving the same principal parties, from the same district court proceedings, underscores the need to avoid redundancy and duplication in favor of the expediency and efficiency contemplated by this Court's consolidation, merger, and comeback-case principles and procedures.  The appeals should be consolidated.

**B.     The Court should set a briefing schedule to decide the underlying merits, including defendants' motion for a stay pending appeal.**

Separately, defendants have renewed their request for a stay pending appeal of the district court's injunction against their attempted invocation of § 12406 in this case, this time in their appeal of the district court's permanent injunction.  (25-7194 Dkt. 6).  The difficulty for defendants is that their repeat stay request is practically indistinguishable from their initial motion for a stay pending appeal of TRO 1, the legal merits of which this Court voted to rehear en banc, and which thereby resulted in this en banc court.  Indeed, defendants' renewed stay motion fails to show any material distinction between the two.  For the above reasons, the en banc court thus should consolidate defendants' dual appeals over their

Page 9 - MOTION TO CONSOLIDATE APPEALS (25-6268 & 25-7194) AND
          RESPONSE TO MOTION FOR A STAY PENDING APPEAL (25-7194)

invocation of § 12406 to federalize and deploy military troops to Oregon. The Court then should issue a briefing schedule for the underlying merits, which encompass defendants' dual motions for a stay pending appeal.

Undoubtedly due to the expediency and judicial economy involved, that is the course previously taken by this Court when it has gone en banc over a stay order issued by a motions panel. Specifically, the Court proceeded expeditiously to consider the merits of the underlying legal dispute, which thereby resolved the likelihood-of-success inquiry encompassed in the initial stay motion. *California ex rel. Becerra v. Azar*, 950 F.3d 1067, 1082 n.10 (9th Cir. 2020) (en banc).

To the extent that the Court wishes to address the merits of defendants' repeat stay motion now, a stay should be denied for the reasons explained by the voluminous briefing in this Court to date, as cogently detailed by Judge Graber in her dissent from the initial motions panel decision granting a full stay pending appeal of TRO 1. (25-6268 Dkt. 61 at 58–93 (Graber, J., dissenting)).

That reasoning is further supplemented by the facts found by the district court, following a full merits trial, in entering a permanent injunction. As just one example, the "federal officials who were in charge of protecting the ICE facility were not consulted about calling up the National Guard and did not request the Guard." (Dist. Ct. Dkt. 146 at 50). Indeed, "FPS Deputy Director R.C. testified

Page 10 - MOTION TO CONSOLIDATE APPEALS (25-6268 & 25-7194) AND
        RESPONSE TO MOTION FOR A STAY PENDING APPEAL (25-7194)

that he was 'surprised' to hear that the guard had been federalized," that he "never requested National Guard to be deployed to Portland," and that "he did not know what he would do with 200 members of the Guard." (*Id.*) Defendants therefore are unlikely to prevail on appeal that such Guard troops were necessary to protect the ICE facility pursuant to § 12406; at a minimum, defendants will not suffer irreparable harm from being prevented from deploying troops whom the federal officials on the ground—those responsible for protecting the building—did not request and testified that they would not know how to use.

In the event this Court prefers to decide defendants' motion for a stay pending appeal prior to the merits briefing and based on full briefing from the parties, plaintiffs request leave to file a written opposition to defendants' motion if the Court ultimately resolves these procedural issues outside of the 10-day window provided for the response by Federal Rule of Appellate Procedure 27(a)(3)(A).

## C. The Court should deny defendants' motion for an administrative stay or, at a minimum, should require defendants to clarify the status quo.

As noted, defendants also request a partial administrative stay to allow the continued federalization of Oregon National Guard soldiers. (25-7194 Dkt. 6 at 21–22). Plaintiffs oppose defendants' request. Oregon Guard soldiers have been federalized now for almost two months, away from lives, jobs, and families, under unlawful federalization orders, with the winter holidays fast approaching. Those

Page 11 - MOTION TO CONSOLIDATE APPEALS (25-6268 & 25-7194) AND
RESPONSE TO MOTION FOR A STAY PENDING APPEAL (25-7194)

SC3:kw5\1005272179

Department of Justice
1162 Court St NE
Salem, OR 97301
(503) 378-4402

soldiers are currently scheduled to be defederalized and allowed to return home to their civilian lives and families the day before Thanksgiving.  (Ex 5 at 2).

To be sure, an administrative stay "preserve[s] the status quo until the substantive motion for a stay pending appeal can be considered on the merits[.]" *Doe #1 v. Trump*, 944 F.3d 1222, 1223 (9th Cir. 2019).  And as discussed above, the merits of defendants' renewed motion for a stay pending appeal are part of the underlying merits, for which the Court should establish a briefing schedule.  If the Court is therefore inclined to maintain the status quo while the merits remain pending, the Court nevertheless should require defendants to clarify the status quo being maintained and to provide regular status reports to the Court and the parties.

For example, according to news reports, defendants are in the process of defederalizing half of the 200 Oregon Guard troops initially federalized in this case and, by defendants' own admission, the extant federalization orders expire on November 26, 2025.  (25-7194 Dkt. 6 at 22); *e.g.*, Ryan Haas & Joni Auden Land, *100 Oregon troops remain under Trump's control as California National Guard return home*, OPB (Nov. 16, 2025), https://www.opb.org/article/2025/11/16/federalized-california-national-guard-to-return-home-from-oregon-deployment/.

SC3:kw5\1005272179

Department of Justice
1162 Court St NE
Salem, OR  97301
(503) 378-4402

Assuming that were so, an administrative stay should allow the continued federalization of no more than 100 Oregon Guard troops, and only for as long as a pertinent federalization order allows.

## CONCLUSION

The Court should (1) consolidate the twin appeals over the invocation of § 12406 to federalize and deploy Guard troops to Oregon, Nos. 25-6268 and 25-7194; (2) issue a briefing schedule for the consolidated underlying merits, which includes defendants' renewed request for a stay pending appeal; and (3) deny defendants' request for an administrative stay or, at a minimum, require defendants to clarify the status quo and provide regular updates to the Court and the parties.

Respectfully submitted,

DENIS M. VANNIER  #044406
Senior Deputy City Attorney
Office of City Attorney
 1221 SW 4th Ave., Ste. 430
 Portland, Oregon 97204
 Telephone:  (503) 823-4047
 denis.vannier@portlandoregon.gov

DAN RAYFIELD  #064790
Attorney General
BENJAMIN GUTMAN  #160599
Interim Deputy Attorney General
DUSTIN E. BUEHLER  #152024
Special Counsel
JONA J. MAUKONEN  # 043540
Assistant Attorney-In-Charge
Civil Appeals
PEENESH SHAH  #112131
Assistant Attorney General
STACY M. CHAFFIN  #205782
Assistant Attorney General
 1162 Court St.
 Salem, Oregon 97301
 Telephone:  (503) 378-4402
 stacy.chaffin@doj.oregon.gov

Attorney for Appellee
City of Portland

Attorneys for Appellee
State of Oregon

Page 13 - MOTION TO CONSOLIDATE APPEALS (25-6268 & 25-7194) AND
           RESPONSE TO MOTION FOR A STAY PENDING APPEAL (25-7194)

SC3:kw5\1005272179

Department of Justice
1162 Court St NE
Salem, OR  97301
(503) 378-4402

## CERTIFICATE OF SERVICE

I hereby certify that on November 18, 2025, I directed the Motion to Consolidate Appeals (25-6268 & 25-7194) and Response to Motion for a Stay Pending Appeal (25-7194) to be electronically filed with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

/s/ Stacy M. Chaffin
STACY M. CHAFFIN #205782
Assistant Attorney General
stacy.chaffin@doj.oregon.gov

Attorney for Appellee
State of Oregon

Page 14 - MOTION TO CONSOLIDATE APPEALS (25-6268 & 25-7194) AND
RESPONSE TO MOTION FOR A STAY PENDING APPEAL (25-7194)

SC3:kw5\1005272179

Department of Justice
1162 Court St NE
Salem, OR 97301
(503) 378-4402