No. 25-6268, 25-7194

_____
_____

IN THE UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

_____

STATE OF OREGON; CITY OF PORTLAND; STATE OF CALIFORNIA,

   Plaintiffs-Appellees,

      v.

DONALD J. TRUMP, in his official capacity as President of the United States; et al,

   Defendants-Appellants.

_____

RESPONSE TO MOTION TO DISMISS

_____

Appeal from the United States District Court
for the District of Oregon

_____

DENIS M. VANNIER #044406
Senior Deputy City Attorney
Office of City Attorney
1221 SW 4th Ave., Ste. 430
Portland, Oregon 97204
Telephone: (503) 823-4047
denis.vannier@portlandoregon.gov

Attorney for City of Portland


CHRISTOPHER D. HU #293052
Deputy Solicitor General
455 Golden Gate Avenue, Suite 100
San Francisco, CA 94102
Telephone: (415) 510-3917
Christopher.Hu@doj.ca.gov

Attorney for State of California

DAN RAYFIELD #064790
Attorney General
PAUL L. SMITH #001870
Solicitor General
DUSTIN E. BUEHLER #152024
Special Counsel
JONA J. MAUKONEN # 043540
Assistant Attorney-In-Charge
Civil Appeals
PEENESH SHAH #112131
Assistant Attorney General
STACY M. CHAFFIN #205782
Assistant Attorney General
1162 Court St. NE
Salem, Oregon 97301-4096
Telephone: (503) 378-4402
stacy.chaffin@doj.oregon.gov

Attorneys for State of Oregon

## RESPONSE TO MOTION TO DISMISS

Defendants-Appellants have moved to voluntarily dismiss these consolidated appeals under Federal Rule of Appellate Procedure 42. Under that rule, "[a]n appeal may be dismissed on the appellant's motion on terms agreed to by the parties or fixed by the court." Fed. R. App. P. 42(b)(2). Those terms can include "remanding the case" to the district court. Fed. R. App. P. 42(b)(3). For the reasons discussed below, Plaintiffs-Appellees—the State of Oregon, City of Portland, and State of California—believe that, if the Court is inclined to dismiss these appeals at this juncture, the Court should do so with a remand to the district court for monitoring and enforcement of the extant permanent injunction at issue.

## BACKGROUND

The procedural posture of these appeals is extensive. Plaintiffs briefly recount that posture here to inform the Court's exercise of discretion as to whether, and how, to grant defendants' motion to dismiss them.

This case concerns defendants' attempt to federalize the Oregon National Guard, over the objection of the Oregon Governor, and to deploy Guard troops to Oregon under 10 U.S.C. § 12406. Oregon and Portland promptly sued alleging violations of § 12406, the Posse Comitatus Act (10 U.S.C. § 275), and the Tenth Amendment, among other claims. (Dist. Ct. Dkt. 1).

The district court enjoined both actions in a TRO ("TRO 1"). (Dist. Ct. Dkt. 56). Almost immediately, defendants responded by directing the California National Guard and the Texas National Guard to Oregon, so the State of California joined as a co-plaintiff. (Dist. Ct. Dkt. 58). The next day, the district court entered a second TRO to reaffirm that no Guard troops could be deployed in Oregon under § 12406 ("TRO 2"). (Dist. Ct. Dkt. 68).

Defendants appealed to this Court seeking emergency relief from TRO 1 only. (*State of Oregon v. Trump*, No. 25-6268, Dkt. 11). A sharply divided motions panel initially granted a full stay pending appeal of TRO 1, issuing three separate opinions totaling 93 pages: a per curiam majority opinion, a concurring opinion from Judge Nelson, and a dissenting opinion from Judge Graber . (25-6268, Dkt. 61). That same day, a judge of this Court made a sua sponte en banc call. (25-6268, Dkt. 63). A majority of non-recused active judges then voted to rehear the case en banc. (25-6268, Dkt. 89).

Meanwhile, district court proceedings continued apace. The district court held a full merits trial from October 29 to 31, 2025. At the conclusion of trial, defendants refused to consent to a short extension of TRO 1 or TRO 2—which were set to expire on November 1 and 2, 2025, respectively—to allow the district court time to issue an opinion. (Dist. Ct. Dkt. 134 at 2). The district court thus issued a short preliminary injunction until 5:00 p.m. on November 7,

2025. (Dist. Ct. Dkt. 134). For their part, defendants quickly moved to dismiss this appeal as moot, notwithstanding the ongoing district court proceedings. (25-6268, Dkt. 91).

On November 7, the district court issued extensive Findings of Fact and Conclusion of Law based on the full trial record, comprising 106 pages, ruling that defendants had violated 10 U.S.C. § 12406 and the Tenth Amendment, and permanently enjoining the federalization and deployment of National Guard troops to Oregon under the associated memoranda invoked by defendant to justify their actions. (Dist. Ct. Dkt. 146, 147). Defendants appealed the permanent injunction on November 14. (*State of Oregon v. Trump*, 25-7194, Dkt. 1). On November 16, defendants filed an emergency motion for a stay pending appeal of the injunction. (25-7194, Dkt. 6). And on November 18, plaintiffs moved to consolidate defendants' two appeals, as they arose out of the same district court proceedings and involved virtually identical legal issues. (25-6268, Dkt. 95; 25-7194, Dkt. 7).

On November 19, 2025, the Court entered an order consolidating the two appeals and staying the briefing on defendants' stay motion pending the resolution of the federal government's stay application to the Supreme Court in *Trump v. Illinois*, No. 25A443 (U.S.). (25-6268, Dkt. 96; 25-7194, Dkt. 8). There, the Seventh Circuit had largely denied the federal government's motion

to stay a similar injunction against the deployment of Guard troops to Illinois against that state's wishes. While the *Illinois* stay application remained pending, this Court issued two more published statements about the issues in this case, totaling an additional 93 pages: a statement in support of en banc review by Judge Bybee, and a statement in response by Judge Tung. (25-6268, Dkt. 100).

On December 23, 2025, the Supreme Court denied the federal government's stay application in *Illinois*. This Court then requested proposals from the parties on the appropriate next steps in these appeals. (25-6268, Dkt. 104; 25-7194, Dkt. 16). In response, defendants abandoned their stay motion and instead asked the Court to hold these appeals in abeyance indefinitely. (25-6268, Dkt. 107; 25-7194, Dkt. 19). On January 9, 2026, the Court rejected that request and issued a briefing schedule on the merits of the appeals that calendared the case for oral argument on June 1, 2026. (25-6268, Dkt. 109; 25-7194, Dkt. 21). In turn, on January 27, 2026, defendants summarily moved to dismiss the appeals. (25-6268, Dkt. 112; 25-7194, Dkt. 24).

**ARGUMENT**

Under Federal Rule of Appellate Procedure 42, "an appeal *may* be dismissed on the appellant's motion on terms agreed to by the parties or fixed by the court." *Naruto v. Slater*, No. 16-15469, 2018 WL 3854051, at *1 (9th

Cir. Apr. 13, 2018) (emphasis in original) (quoting Fed. R. App. P. 42(b)(2)). As the plain text of the rule makes clear, "the court has discretion in deciding whether to dismiss an appeal on appellant's motion under Rule 42(b)." *Shellman v. U.S. Lines, Inc.*, 528 F.2d 675, 678 (9th Cir. 1975). In addition, the court may order "relief * * * beyond the dismissal of an appeal—including approving a settlement, vacating an action of the district court or an administrative agency, or remanding the case to either of them." Fed. R. App. P. 42(b)(3).

In deciding whether, and how, to exercise that discretion, the Court has recognized that "circumstances may arise which demand, in the interests of justice, that this court deny appellant's motion to voluntarily dismiss." *Shellman*, 528 F.2d at 678. For example, the Court disfavors dismissal where an appellant seeks "dismissal for the purpose of evading appellate determination of certain questions," particularly if done "in order to frustrate court orders in the continuing litigation." *United States v. State of Wash., Dep't of Fisheries*, 573 F.2d 1117, 1118 (9th Cir. 1978). Similarly, other courts have denied motions to dismiss where the appellant "may be acting strategically," including attempting to "'manipulate the formation of precedent,'" and where the court has already invested substantial time and resources. *In re Nexium Antitrust Litig.*, 778 F.3d 1, 2 (1st Cir. 2015) (quoting *Albers v. Eli Lilly & Co.*,

354 F.3d 644, 646 (7th Cir. 2004)). At the same time, courts often grant motions to dismiss where the motion is filed before briefing and argument have concluded. *E.g.*, *J.M. v. Red Roof Inns, Inc.*, No. 24-7013, 2025 WL 3458624, at *1 (9th Cir. Oct. 28, 2025).

Here, the unique circumstances counsel against an unqualified dismissal. As an initial matter, the Court is aware of the extensive judicial and party resources that have been expended in these appeals to date. Briefing has been extensive between defendants' two emergency stay motions and the resulting en banc proceedings, and oral argument was held on the first emergency stay motion on October 9, 2025. Indeed, these appeals already have generated five different judicial opinions and statements from members of this Court, totaling 186 pages, reflecting the novelty, importance, and gravity of the legal issues at stake.

Although Defendants now seek dismissal in the wake of *Illinois*, they have never disavowed the legal arguments they have made throughout these appeals. In fact, mere weeks ago—yet *after* the Supreme Court's *Illinois* decision—the President redoubled defendants' central claim of unfettered authority to order military forces to the streets of Portland, notwithstanding the extant permanent injunction, Posse Comitatus Act, and Tenth Amendment. The White House, *President Trump Gaggles with Press on Air Force One, Jan. 4,*

*2026*, YouTube, at 23:00–23:05 (Jan. 4, 2026), https://www.youtube.com/watch?v=9XVjd3R2T3g ("We can go back. We're allowed to go back in. But we'll go back in when the crime starts."). (*See also Newsom v. Trump*, 25-7781, Dkt. 29).

    Given the above, plaintiffs believe that the interests of justice counsel dismissing the instant appeals with a remand to the district court for continued monitoring and enforcement of the district court's permanent injunction. The plain text of Rule 42(b)(3) provides remand as a possible term for dismissing an appeal. An express remand for monitoring and enforcement would ensure that plaintiffs have a ready mechanism to bring any additional legal violations to the district court's immediate attention. Moreover, should additional district court orders arise that result in additional appellate proceedings, the en banc court would retain the discretion to resume those proceedings. *See* 9th Cir. Gen. Order 3.6(b) (delineating the comeback case procedures for an appeal "taken to this Court from a district court or agency decision following a remand or other decision").

    Plaintiffs recognize that defendants wish to abandon the appeal, which is currently in the merits-briefing phase. The disposition of dismissal with a remand would best promote judicial economy now, while also promoting judicial economy down the line should further litigation on these issues become

necessary—an outcome that is possible if not likely given the President's recent public statements. With a remand, the Court could ensure that any future litigation would rightly remain with a district court and an en banc panel that have already expended substantial time and resources developing an understanding of the law, history, and facts relevant to the novel, complex, and foundational legal issues presented in these appeals. And as reflected in the procedural posture recounted above, any related future litigation likely would arise in circumstances that were undoubtedly exigent. On balance, the interests of justice thus counsel in favor of dismissal of these appeals with a remand to the district court for continued monitoring and enforcement.

///

///

///

///

///

///

///

///

///

///

# CONCLUSION

If the Court grants the motion to dismiss, it should do so with a remand to the district court under Federal Rule of Appellate Procedure 42(b)(3) for continued monitoring and enforcement of the district court's permanent injunction.

    Respectfully submitted,

DAN RAYFIELD  #064790
Attorney General
PAUL L. SMITH  #001870
Solicitor General

/s/  Stacy M. Chaffin
_____
STACY M. CHAFFIN  #205782
Assistant Attorney General
stacy.chaffin@doj.oregon.gov

Attorneys for Appellee
State of Oregon


/s/  Denis M. Vannier
_____
DENIS M. VANNIER  #044406
Senior Deputy City Attorney
denis.vannier@portlandoregon.gov

Attorney for Appellee
City of Portland


/s/  Christopher D. Hu
_____
CHRISTOPHER D. HU  #293052
Deputy Solicitor General
Christopher.Hu@doj.ca.gov

Attorney for Appellee
State of California

# CERTIFICATE OF SERVICE

I hereby certify that on February 5, 2026, I directed the Response to Motion to Dismiss to be electronically filed with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

/s/ Stacy M. Chaffin
_____
STACY M. CHAFFIN #205782
Assistant Attorney General
stacy.chaffin@doj.oregon.gov

Attorney for Appellee
State of Oregon